**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

[Plaintiff],

                Plaintiffs,

v.

[Defendant],

                Defendant.

Civ. No. [ ] (DJF)

**RULE 26(f) REPORT**
**TEMPLATE**

---

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on _____ [in person/via video conference] and prepared the following report.

      The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for _____, 20___, before United States Magistrate Judge Dulce J. Foster [in Courtroom 8E of the U.S. Courthouse, 300 South Fourth Street, in Minneapolis, Minnesota] [by Zoom]. The parties [do/do not] believe the pretrial conference may be canceled and the pretrial scheduling order may be issued based on the parties' joint Rule 26(f) report.

(a) Rule 7.1 Disclosures.

    The parties must comply with Rule 7.1, if applicable:

    (1) For plaintiff: Rule 7.1 [does/does not] apply.

    (2) For defendant: Rule 7.1 [does/does not] apply.

(b) Description of the Case.

    (1) Concise factual summary of plaintiff's claims:

    (2) Concise factual summary of defendant's claims/defenses:

    (3) Statement of jurisdiction (including statutory citations)[1]:

    (4) Summary of factual stipulations or agreements:

---

[1] In any case based on diversity jurisdiction in which a party is an LLC, this statement should identify the citizenship of each of its members and any subdivisions of its members. *See Key Enterprises, LLC v. Morgan*, No. 12-CV-2628 (PJS/JSM), 2013 WL 353911, at *1 (D. Minn. Jan. 29, 2013).

(5) A jury trial [has/has not] been demanded by [plaintiffs/defendants/all parties].

(6) The parties [agree/do not agree] to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable.

(c) Pleadings.

The status of pleadings is as follows: [Statement as to whether all process has been served and all pleadings filed, and any current plans for any party to move to amend pleadings or add additional parties to the action.]

(d) Other Fact Discovery.

[The parties should discuss their proposed plan using this form but may modify the form as appropriate to the needs of the case. To the extent that the parties cannot reach agreement on any particular item about scheduling or discovery, they should set forth their separate positions in their Rule 26(f) Report for discussion at the pretrial conference.]

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) Deadline for initial disclosures under Fed. R. Civ. P. 26(a)(1): _____.

(2) Deadline for the exchange of documents identified by each party's Rule 26(a)(1) initial disclosures: _____.

(3) Interim deadline [if any] for the substantial completion of document production [to facilitate the scheduling and taking of depositions]: _____.

(4) Privilege logs pursuant to Fed. R. Civ. P. 26(b)(5)(A) must be served [at the same time as] [within ____ days after] each document production from which any privileged materials are withheld.

(5) Deadline for service of deposition notices or subpoenas under Fed. R. Civ. P. 30(b)(6) _____. Any notice of 30(b)(6) deposition must be served at least ____days before the scheduled deposition date.

(6) Deadline for completion of mental or physical examinations under Fed. R. Civ. P. 35 _____.

(7) Deadline for the close of all fact discovery [the parties must commence fact discovery in time to be completed by the following deadline]: _____.

(8) The parties have discussed the scope of discovery, including relevance and proportionality, and propose that the Court limit the use and numbers of discovery procedures [per party/per side] as follows:

(A) _____ interrogatories;

2

*Template date November 2023*

(B) _____ document requests;

(C) _____ requests for admissions;

(D) _____ fact depositions (including Fed. R. Civ. P. 30(b)(6) depositions);

(E) _____ other [please specify].

(9) The parties have discussed the need for mental or physical examinations under Fed. R. Civ. P. 35 and agree to the following [number and type of examinations]: _____.

(e) Expert Discovery.

(1) The parties anticipate that they [will/will not] require expert witnesses at the time of trial.

(A) The plaintiff anticipates calling _____ [number] experts in the fields of: _____.

(B) The defendant anticipates calling _____ [number] experts in the fields of: _____.

(2) The parties propose that the Court establish the following plan for expert discovery:

(A) Initial experts.

(i) The identity of any expert who may testify at trial regarding issues on which a party has the burden of persuasion, or in a party's primary case (irrespective of burden), must be disclosed on or before _____.

(ii) The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before _____.

(B) Rebuttal experts.

(i) Rebuttal expert reports shall be limited in scope to the topics addressed in initial expert reports. The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before _____.

(ii) Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before _____.

(C) All expert discovery must be completed by _____.

*Template date November 2023*

(f)  Other Discovery Issues.

    (1) Discovery of Electronically Stored Information (ESI).[2]

        The parties have discussed the scope of ESI discovery, including relevance and proportionality, and any issues about preserving ESI.  The parties have also discussed the form or forms in which ESI should be produced.  They inform the Court of the following agreements or issues:

        The parties will further meet and confer by _____ [date] to discuss their plan or formal protocol for ESI discovery.  They agree to present any disputes regarding an ESI discovery plan and protocol to the Court by _____ [date].  The parties are encouraged to use Judge Foster's ESI check-list as a guide for their meet and confer.

    (2) Protective Order.  The parties agree that a protective order [is/is not] necessary to govern discovery.  If a protective order is requested by any party, the parties will jointly submit either a proposed protective order or a report identifying areas of disagreement on or before_____.   No protective order may purport to authorize filing documents under seal except as permitted under LR 5.6.  No protective order may include language purporting to obligate the Court to destroy or return confidential documents to the parties after the conclusion of the case.
[The parties are encouraged, though not required, to use the Court's Form Protective Order as a template:  https://www.mnd.uscourts.gov/forms/stipulation-protective-order.]

---

    [2] Counsel should review and consider "Discussion of Electronic Discovery at Rule 26(f) Conferences: A Guide for Practitioners," http://www.mnd.uscourts.gov, and discuss whether a formal ESI plan or protocol is appropriate.  If so, the parties should: (1) consider whether their plan should be submitted to the Court as a proposed order; (2) exchange lists of the types of ESI each party will seek in discovery, including custodial ESI (e.g., email) and non-custodial ESI (e.g., centralized databases); (3) discuss where ESI is stored, including storage on the party's premises, data stored by a party using third party providers (e.g., the "cloud"), storage on devices used by a party (or its employees) including laptops, smart phones or other personal devices; (4) discuss whether email or other electronic communications will be sought and identify what ESI discovery tools or techniques will be applied; (5) discuss the preservation and production of metadata, if appropriate; and (6) discuss the other topics relating to ESI discovery set forth in the Federal Rules of Civil Procedure.  A plan or protocol should be clear on how the plan or protocol will operate during the course of fact discovery to satisfy a party's obligation to respond to a first and subsequent sets of document requests.

4

(3) Claims of Privilege or Protection.  As required by Fed. R. Civ. P. 26(f)(3)(D), the parties have discussed procedures for asserting that information is protected by a privilege or the work-product doctrine, including procedures for asserting these claims after production (so-called "claw-back" procedures), and whether to request an order from the Court under Fed. R. Evid. 502(d).  The parties [have reached an agreement as follows: _____/have not reached an agreement and will jointly submit a report identifying any areas of disagreement on or before _____.]

(4) Attorney's Fees.  The parties [do/do not] anticipate that a claim for attorney's fees will be litigated in this case.  The parties [have reached an agreement regarding the manner in which attorney time will be documented as follows:_____/agree that an order regarding the manner in which attorney time will be documented is not needed/will meet and confer regarding the manner in which attorney time will be documented and present any disputes to the Court on or before _____.]

(g) Proposed Motion Schedule.

The parties propose the following deadlines for filing motions:

(1) Motions seeking to join other parties must be filed and served by _____.

(2) Motions seeking to amend the pleadings must be filed and served by _____.

(3) Non-dispositive motions related to expert discovery must be filed and served by _____.

(4) Other non-dispositive motions, including motions related to fact discovery, must be filed and served by _____.

(5) All dispositive motions must be filed and served (and heard or scheduled, depending on the District Judge assigned) by_____.

(h) Trial.

(1) The parties agree that the case will be ready for trial on or after _____.

(2)  The anticipated length of the [bench/jury] trial is __ days.

(i) Insurance Carriers/Indemnitors.

[List all insurance carriers/indemnitors, including limits of coverage of each defendant or a statement that the defendant is self-insured.]

(j) Settlement.

(1) The parties will discuss settlement before the initial pretrial conference, by the plaintiff making a written demand for settlement and each defendant making a written response/offer to the plaintiff's demand.

*Template date November 2023*

(2) The parties propose that a settlement conference be scheduled to take place before _____.

(3) The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and recommend the following: _____.

(k) Trial by Magistrate Judge.

The parties [have/have not] agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).  [If the parties have agreed to consent, file the consent with the Rule 26(f) Report.]


DATE: _____     _____

Plaintiff's Counsel
License #
Address
Phone #


DATE: _____     _____

Defendant's Counsel
License #
Address
Phone #

6

*Template date November 2023*