**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Johnson Ongenyo                                    Civ. No. 0:26-cv-02121-JWB-DJF

              Plaintiff,

v.

Experian Information                               **RULE 26(f) REPORT**
Solutions, Inc., Rent
Recovery Solutions LLC,
Stuart Co

              Defendants.

---

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on May 22, 2026 via **video conference** and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for June 3, 2026, before United States Magistrate Judge Dulce J. Foster by Zoom.  The parties do not believe the pretrial conference may be canceled.

(a) Rule 7.1 Disclosures.

The parties must comply with Rule 7.1, if applicable:

(1) For plaintiff: Rule 7.1 does not apply.

(2) For defendant: Rule 7.1 [does/does not] apply. Defendant Rent Recovery has filed its Rule 7.1 Disclosures. Defendant Stuart Co has filed its Rule 7.1 disclosures. Defendant Experian has filed its Rule 7.1 disclosures.

(b) Description of the Case.

(1) Concise factual summary of plaintiff's claims: Defendants violated various consumer protection statutes by alleging, collecting and publishing an inaccurate and unlawful debt relating to Plaintiff's lease termination. Plaintiff properly disputed this, yet the Defendants continued their illegal activity. Plaintiff was significantly damaged as he has two federal security clearances that constantly check for adverse credit information being published.

(2) Concise factual summary of defendant's claims/defenses:

Defendant Rent Recovery: Defendant Rent Recovery denies that its actions or omissions

1

*Template date November 2023*

violated the law. Plaintiff's disputes were not objectively and readily verifiable. Even if Plaintiff's disputes were objectively and readily verifiable, Defendant Rent Recovery's investigations were reasonable. Defendant Rent Recovery denies that its reporting of Plaintiff's account violated the law.

Defendant Stuart Co denies Plaintiff's claims of credit defamation. Stuart Co did not furnish false information with malice or intent to injure or otherwise engage in credit defamation against Plaintiff. Plaintiff's claims may also be preempted by federal statute.

Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. 1681a(f). Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting. Rather, Experian must maintain and follow reasonable procedures to assure maximum possible accuracy of the information it reports on consumers.

Experian's reasonable procedures were followed at all times with respect to Plaintiff's credit files. Experian acted in good faith and without malice or intent to injure Plaintiff and did not act willfully or negligently. Experian denies Plaintiff's claims and denies that it has violated the FCRA, denies liable to Plaintiff, and denies that Plaintiff is entitled to any of the relief sought in the Complaint.

(3) Statement of jurisdiction (including statutory citations)[1]: This court has proper jurisdiction per 28 U.S.C. §§ 1331.

(4) Summary of factual stipulations or agreements: n/a

(5) A jury trial **has** been demanded by plaintiff.

(6) The parties do not agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota.

(7) Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties agree that all discovery requests and responses may be served by email, with service of all pleadings, motions and other court filings by ECF.

(c) Pleadings.

The status of pleadings is as follows: Process has been properly served. When deemed appropriate, Plaintiff will seek to amend for punitive damages.

---

[1] In any case based on diversity jurisdiction in which a party is an LLC, this statement should identify the citizenship of each of its members and any subdivisions of its members. *See Key Enterprises, LLC v. Morgan*, No. 12-CV-2628 (PJS/JSM), 2013 WL 353911, at *1 (D. Minn. Jan. 29, 2013).

2

Defendant Stuart Co timely served and filed an Answer to Plaintiff's Complaint.

Defendant Experian timely served and filed an Answer to Plaintiff's Complaint.

(d) Defendant Rent Recovery timely served and filed an Answer to Plaintiff's Complaint.Other Fact Discovery.

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) Deadline for initial disclosures under Fed. R. Civ. P. 26(a)(1): June 10, 2026.

(2) Deadline for the exchange of documents identified by each party's Rule 26(a)(1) initial disclosures: June 24, 2026.

(3) Interim deadline [if any] for the substantial completion of document production [to facilitate the scheduling and taking of depositions]: December 9, 2026.

(4) Deadline for service of deposition notices or subpoenas under Fed. R. Civ. P. 30(b)(6) December 13, 2026.  Any notice of 30(b)(6) deposition must be served at least 30 days before the scheduled deposition date.

(5) Deadline for completion of mental or physical examinations under Fed. R. Civ. P. 35 December 13, 2026.

(6) Deadline for the close of all fact discovery [the parties must commence fact discovery in time to be completed by the following deadline]: January 20, 2027.

(7) The parties have discussed the scope of discovery, including relevance and proportionality, and propose that the Court limit the use and numbers of discovery procedures [per party/] as follows:

(A) 30 interrogatories;

(B) 30 document requests;

(C) 20 requests for admissions;

(D) Three fact depositions (including Fed. R. Civ. P. 30(b)(6) depositions);

(8) The parties have discussed the need for mental or physical examinations under Fed. R. Civ. P. 35 and agree to the following [number and type of examinations]: 1 IME related to Plaintiff's emotional distress claims.

(e) Expert Discovery.

(1) The parties anticipate that they will require expert witnesses at the time of trial.

(A) The plaintiff anticipates calling 1 experts in the fields of:

3

*Template date November 2023*

_____FDCPA damages .

(B) The defendants anticipate calling 1 experts in the fields of:
Damages.

Defendant Stuart Co anticipates calling 1 expert in the fields of liability and damages.

Defendant Experian anticipates calling up to two experts, one in the field of liability and one in the field of damages.

Defendant Rent Recovery has not yet determined if it will call an expert. If it does, it would be an expert as to liability and damages.

(2) The parties propose that the Court establish the following plan for expert discovery:

(A) Initial experts.

(i) The identity of any expert who may testify at trial regarding issues on which a party has the burden of persuasion, or in a party's primary case (irrespective of burden), must be disclosed on or before December 6, 2026.

(ii) The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before January 6, 2027.

(B) Rebuttal experts.

(i) Rebuttal expert reports shall be limited in scope to the topics addressed in initial expert reports.  The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before February 8, 2027.

(ii) Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before February 8, 2027 .

(C) Each party may take one deposition per expert.

(D) All expert discovery must be completed by February 15, 2027.

4

(f)  Other Discovery Issues.

(1) Discovery of Electronically Stored Information (ESI).[2]

The parties have discussed the scope of ESI discovery, including relevance and proportionality, and any issues about preserving ESI.  The parties have also discussed the form or forms in which ESI should be produced.  They inform the Court of the following agreements or issues:

The parties do not anticipate that there will be an extensive amount of electronic discovery in this case. The parties agree to produce copies of electronic documents in hard copy or PDF format, unless hard copy or PDF format would compromise the integrity of the ESI. In such cases, the parties will agree on the form in which to produce the ESI. If a dispute arises as to the sufficiency of that form of production, the parties shall meet and confer to try to resolve the issues and agree to the form of production. Regardless of the form of production, the parties agree to retain the native version of all electronically stored information.

(2) Protective Order.  The parties agree that a protective order is necessary to govern discovery.  If a protective order is requested by any party, the parties will jointly submit either a proposed protective order using the Court's template or a report identifying areas of disagreement on or before July 8, 2026.  No protective order may purport to authorize filing documents under seal except as permitted under LR 5.6.  No protective order may include language purporting to obligate the Court to destroy or return confidential documents to the parties after the conclusion of the case.
[The parties are encouraged, though not required, to use the Court's Form Protective Order as a template:  https://www.mnd.uscourts.gov/forms/stipulation-protective-order.]

Claims of Privilege or Protection.  As required by Fed. R. Civ. P. 26(f)(3)(D), the parties have discussed procedures for asserting that information is protected by a privilege or the work-product doctrine, including procedures for asserting these claims after production (so-called "claw-back" procedures), and whether to request an order from the Court under Fed. R. Evid. 502(d).  The parties have agreed that the producing party shall produce a privilege log indicating specific claims of privilege or work product for responsive documents being withheld on that basis. The privilege log shall state the basis for the claim of privilege, sufficiently detailed for the requesting party and the court to assess whether the material is privileged. No party is required to log communications solely between that party and its lawyer(s). The parties agree that each party shall promptly notify the other party if they believe that they have received privileged documents and that the producing party shall have seven (7) calendar days to claw back such materials.

---

5

Attorney's Fees.  The parties do anticipate that a claim for attorney's fees will be litigated in this case.  The parties [have reached an agreement regarding the manner in which attorney time will be documented as follows: in 1/10 increments tracked by billing software and agree that an order regarding the manner in which attorney time will be documented is not needed.

(g) Proposed Motion Schedule.

The parties propose the following deadlines for filing motions:

(1) Motions seeking to join other parties must be filed and served by July 8, 2026.

(2) Motions seeking to amend the pleadings must be filed and served by July 8, 2026.

(3) Non-dispositive motions related to expert discovery must be filed and served by Feb. 26, 2027

(4) Other non-dispositive motions, including motions related to fact discovery, must be filed and served by January 30, 2027.

(5) All dispositive motions must be filed and served (and heard or scheduled, depending on the District Judge assigned) by April 22, 2027.

(h) Trial.

(1) The parties agree that the case will be ready for trial on or after July 15, 2027.

(2)  The anticipated length of the [bench/jury] trial is 3 days.

(i)  Insurance Carriers/Indemnitors.

(j)  Defendant Experian Information Solutions, Inc.: Based on Experian's present insurance and applicable deductibles, no insurance carrier would be liable to satisfy part or all of any likely judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy any likely judgmentSettlement.

(1) The parties will discuss settlement before the initial pretrial conference, by the plaintiff making a written demand for settlement and each defendant making a written response/offer to the plaintiff's demand.
The parties believe that any settlement discussions will be aided by the substantial completion of discovery, so recommend that any settlement conference be scheduled no earlier than August 25, 2026.

*Template date November 2023*

The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and recommend the following: The parties are open to this, but anticipate that a settlement conference with the magistrate judge is most likely to best-suit this matter.

(k) Trial by Magistrate Judge.

The parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

Dated:        5/28/25                **ANDERSON SOLUTIONS, PLLC**

*/s/Timothy Anderson*
Tim Anderson (#0402885)
Anderson Solutions, PLLC
168 Pioneer Trail, Suite 305
Chaska, MN 55318
651-728-4804
tanderson@aslaw.org
ATTORNEY FOR PLAINTIFF

Dated: 05/27/2026                **ROSSMAN KIRK, PLLC**

/s/Trevor S. Johnson
John K. Rossman (MN #0244831)
Benjamin J. Kirk (MN #0393192)
Trevor S. Johnson (MN #0400849)
2626 E 82nd Street, Suite 135
Bloomington, MN 55425
Telephone: (612) 225-4176
john.rossman@rossmankirk.com
Benjamin.kirk@rossmankirk.com
trevor.johnson@rossmankirk.com

ATTORNEYS FOR DEFENDANT
RENT RECOVERY SOLUTIONS LLC

*Template date November 2023*

Dated:  5/28/26                    ABRITER PLLC

                                   By:    s/Kerri J. Nelson
                                   Kerri J. Nelson (#0386920)
                                   Robin Ann Williams (#242664)
                                   5775 Wayzata Boulevard, Suite 700
                                   St. Louis Park, MN  55416
                                   612-349-2769
                                   knelson@abriterlaw.com
                                   rwilliams@abriterlaw.com
                                   *Attorneys for Defendant Stuart Co*


Dated:  5/27/26                    **LOCKRIDGE GRINDAL NAUEN**
**PLLP**

                                   By: *s/ Gregory J. Myers*
                                   Gregory J. Myers, MN #0287398
                                   Nash B. Edgerton Hall, MN #0402017
                                   100 Washington Ave. South, Suite 2200
                                   Minneapolis, MN  55401
                                   Telephone:  (612) 339-6900
                                   gjmyers@locklaw.com
                                   nbedgertonhall@locklaw.com

                                   and

                                   John Loscheider
                                   Goodwin Proctor LLP
                                   1900 N Street, NW
                                   Washington, DC 20036
                                   Telephone: (771) 200-2112
                                   jloscheider@goodwinlaw.com
                                   Admitted only in Minnesota; work supervised by
                                   D.C.-admitted attorneys at Goodwin


                                   *Attorneys for Defendant Experian Information*
                                   *Solutions Inc.*

*Template date November 2023*