**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Johnson Ongenyo,                                       Case No. 26-cv-2121 (JWB/DJF)

      Plaintiff,

v.                                                                              **PRETRIAL**
                                                                                **SCHEDULING**
Experian Information Solutions, Inc.,                        **ORDER**
Rent Recovery Solutions LLC,
Stuart Co.,

      Defendants.

---

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule and limits shall govern these proceedings. This Order may be modified only upon a showing of good cause as required by Rule 16(b)(4) of the Federal Rules of Civil Procedure and Local Rule 16.3 or sua sponte by the Court.

## DISCOVERY DEADLINES

Discovery must be completed according to the following deadlines:

1.   Deadline for initial disclosures required by Fed. R. Civ. P. 26(a)(1): **June 10, 2026**.

2.   Deadline for the exchange of documents identified in each party's Fed. R. Civ. P. 26(a)(1) initial disclosures: **June 24, 2026**.

3.   Interim deadline for substantial completion of document production: **December 9, 2026**.

4.   Privilege logs pursuant to Fed. R. Civ. P. 26(b)(5)(A) must be served at the same time as each document production from which any privileged materials are withheld.

5.   Deadline for service of deposition notices or subpoenas under Fed. R. Civ. P. 30(b)(6): **December 14, 2026**. Any notice of 30(b)(6) deposition must be served at least **30 days** before the scheduled deposition date.

6. Deadline for completion of mental or physical examinations under Fed. R. Civ. P. 35: **December 14, 2026**.

7. Deadline for completion of all fact discovery: **January 20, 2027**. Parties must serve their discovery requests far enough in advance of this deadline to allow time to respond, as provided by the Federal Rules of Civil Procedure, on or before this date. Fact discovery will not be further extended because a party learns something new at a deposition taken late in the fact discovery period. Accordingly, counsel and the parties must take this into account when scheduling any fact depositions.

8. Deadline to disclose the identity of initial experts: **December 7, 2026** (including any expert on which a party has the burden of persuasion <u>and</u> any other expert on which a party seeks to rely in its primary case, irrespective of burden).

9. Deadline for service of initial expert reports: **January 6, 2027**.

10. Deadline to disclose the identity of rebuttal experts: **February 8, 2027**.

11. Deadline for service of rebuttal expert reports: **February 8, 2027**. Rebuttal expert reports shall be limited in scope to the topics addressed in initial expert reports.

12. Deadline for completion of all expert discovery, including depositions: **February 16, 2027**.

## DISCOVERY LIMITS

1. Fact discovery shall be limited per party to:

   a. **30** interrogatories;

   b. **30** document requests;

   c. **20** requests for admissions; and

   d. **3** fact depositions (including Fed. R. Civ. P. 30(b)(6) depositions[1]).

2. **1** mental or physical examination related to Plaintiff's emotional distress claims.

3. Expert discovery shall be limited per party to:

   a. **2** plaintiff's experts under Fed. R. Civ. P. 26(a)(2)(B); and

   b. **2** defense experts (per defendant) under Fed. R. Civ. P. 26(a)(2)(B).

   Each side may take one deposition per expert.

---

[1] An organizational-designee deposition shall count as one deposition, irrespective of the number of witnesses designated.

**OTHER DISCOVERY ISSUES:**

Electronically Stored Information (ESI)

The parties do not anticipate that there will be an extensive amount of electronic discovery in this case. The parties agree to produce copies of electronic documents in hard copy or PDF format, unless hard copy or PDF format would compromise the integrity of the ESI. In such cases, the parties will agree on the form in which to produce the ESI. If a dispute arises as to the sufficiency of that form of production, the parties shall meet and confer to try to resolve the issues and agree to the form of production. Regardless of the form of production, the parties agree to retain the native version of all electronically stored information.

Attorney's Fees

The parties anticipate that a claim for attorney's fees will be litigated in this case. The parties have discussed the manner in which attorney fees will be documented and have agreed on the following protocol: in 1/10 increments tracked by billing software.

Protective Order:

The parties must jointly submit to the Court either a proposed protective order or a report identifying areas of disagreement on or before **July 8, 2026**.  The parties must also email a Word version of the proposed order to Judge Foster's chambers.  The parties' proposed protective order must not include language purporting to require the Court to return or destroy documents or requesting preemptive sealing based solely on a confidentiality designation.  Requests to seal documents must comply with Local Rule 5.6 as set forth below.

Claims of Privilege or Protection:

The parties have discussed claims of privilege or protection and agree that the producing party shall produce a privilege log indicating specific claims of privilege or work product for

responsive documents being withheld on that basis. The privilege log shall state the basis for the claim of privilege, sufficiently detailed for the requesting party and the court to assess whether the material is privileged. No party is required to log communications solely between that party and its lawyer(s). The parties agree that each party shall promptly notify the other party if they believe they have received privileged documents and that the producing party shall have seven (7) calendar days to claw back such materials.

Unless otherwise ordered, the parties are not obligated to identify on their privilege logs any documents, communications or other materials that came into existence on or after the date that Plaintiff's first complaint was filed in this action.

## NON-DISPOSITIVE MOTION FILING DEADLINES

Non-dispositive motions, memoranda and supporting documents must be filed and served according to the following deadlines:

1. Motions to join or add parties: **July 8, 2026**.
2. Motions to amend the pleadings: **July 8, 2026**.
3. Non-dispositive motions related to expert discovery: **February 26, 2027**.
4. All other non-dispositive motions, including motions related to fact discovery: **February 1, 2027**.

## NON-DISPOSITIVE MOTION GUIDELINES

### Meet and Confer Requirement

Except as otherwise specified in Local Rule 7.1(a), the parties must comply with the meet and confer requirement before calling for a hearing date, filing any motion, or engaging in Informal Dispute Resolution (IDR). Parties must make a good faith attempt to confer through personal contact, rather than solely through written correspondence, email or voice messages. "Personal contact" includes in-person meetings, videoconferences and contemporaneous telephone calls. Whether parties raise non-dispositive disputes informally or through traditional motions, the

parties must engage in a focused meet and confer process in a sincere effort to resolve or narrow their disagreements before seeking the Court's involvement.

Unopposed Motions and Stipulations

Whenever a party seeks relief from the Court, that party should file a motion—as opposed to a stipulation—even if the parties agree regarding the requested relief.  The party requesting relief may bring an unopposed motion; if both parties seek the relief, the parties may bring a joint motion.  In filing such a motion, the filing party must file: (1) the motion, including a statement regarding the opposing party's non-opposition or joinder; (2) a proposed order; and (3) supporting affidavits or exhibits, if any.  The filing party does not need to contact Chambers for a hearing date and file a notice of hearing unless a hearing is requested and does not need to file a memorandum or separate meet-and-confer statement.  The Court may, at its discretion, schedule a hearing on any such motion upon reviewing the moving party's submissions.

Informal Dispute Resolution

Whenever possible, the parties should bring discovery disputes to the Court using the Court's IDR process. IDR is only available when all parties with a stake in the disputed issue agree to use it.  If the parties agree to use IDR, they must jointly contact Chambers by telephone or email at 612-664-5540 or Foster_Chambers@mnd.uscourts.gov to schedule a Zoom videoconference. Each party will then submit a short letter setting forth the issue(s) to be resolved, stating that party's position with respect to each issue, and confirming that the party has agreed to resolve the dispute through IDR. Charts and bullet-point summaries of the issue(s) are encouraged.  Unless otherwise specified by the Court, letter submissions shall be no more than three (3) pages long and must be emailed to Chambers and all parties at least two (2) business days before the Zoom videoconference is scheduled to take place.

Given the absence of formal briefing, the lack of any transcript or recording of the telephone hearing, and the fact that the Court's minute entry will not discuss the reasoning underlying the Court's decision, the decision on an issue submitted through the IDR process is final and cannot be appealed to the District Judge or preserved for the Court of Appeals, nor can a party revive the issue by filing a formal motion. By agreeing to submit a dispute to IDR, the parties agree to live with the decision rendered on that dispute at the conclusion of the IDR process.

<u>Formal Non-Dispositive Motions</u>

Formal non-dispositive motions must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1 and 37.1, the Federal Rules of Civil Procedure and all other applicable rules.   Unless the motion is unopposed, the moving party must contact Chambers to schedule a hearing before filing the motion.  When calling for a hearing date, counsel for the moving party must be prepared to provide a high-level overview of the dispute and describe prior communications with opposing counsel regarding IDR and the meet-and-confer process.  **If the Court authorizes the moving party to file its motion with a hearing date to be determined ("TBD"), the moving party must file its motion papers within fourteen days of receiving such authorization.  Otherwise, the moving party must call Chambers again before filing the motion.**

Before scheduling a motions hearing the Court may, at its discretion, require the parties to participate in an informal status conference to discuss the dispute and determine whether the issues can be resolved or narrowed without motion practice.

Unless the motion is unopposed, pursuant to Local Rule 7.1(b) **a hearing date (or permission to file TBD) must be obtained before any non-dispositive motion is filed, even if the parties agree that no hearing is necessary**.  If the parties agree that a hearing is not necessary,

the moving party should include a statement to that effect in the Notice of Hearing. The Court will determine whether to cancel the hearing after briefing is complete. Parties are advised not to notice additional motions for hearing on an already existing hearing date without first contacting the Court and obtaining permission to do so.

**Do not send paper courtesy copies of filings to Chambers.**  If the motions contain or refer to documents that are not filed on ECF, those documents should be emailed to Chambers at Foster_Chambers@mnd.uscourts.gov. Parties should email courtesy copies of proposed orders in Word format to Chambers.

**If the dispute is related to written discovery or the contents of depositions**, the parties must jointly fill out a chart (see template below) that describes each disputed discovery request and response and each party's position and last offer of compromise. This chart must be in Word format and emailed to Chambers at Foster_Chambers@mnd.uscourts.gov at least five business days before the hearing.  Failure to provide this chart to the Court may result in the cancellation of the hearing.

### Case Name and Number

To assist the Court in more efficiently resolving the parties' discovery dispute, the parties shall meet and confer, and jointly complete the following chart.  The purpose of this chart is not to repeat, or cut and paste, the arguments present in the parties' memoranda, but to identify succinctly each party's position and the compromise last offered at the meet and confer.  Please attach additional sheets as necessary.  At least five business days before the hearing, the fully completed chart shall be e-mailed to chambers at Foster_Chambers@mnd.uscourts.gov.

| Discovery Request at issue (Verbatim) | Movant's Position | Respondent's Position | Movant's Last Offered Compromise | Respondent's Last Offered Compromise | Notes |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Counsel for Moving Party: _____

Counsel for Responding Party: _____

Date: _____

## FILING DOCUMENTS UNDER SEAL

Counsel must be familiar with Local Rule 5.6 on filing documents under seal in civil cases and must comply with the Rule when seeking to file documents under seal. The designation of material as confidential or protected by any party pursuant to a protective order during the course of discovery is not a sufficient justification for continued sealing.

Unless the parties agree or the Court orders otherwise, the joint motion regarding continued sealing required under Local Rule 5.6(d)(4) should be filed by the party who filed the first document under temporary seal in connection with the underlying motion(s).  The joint motion must be filed using the Joint Motion Regarding Continued Sealing Form, which is available on the Court's website at: https://www.mnd.uscourts.gov/forms/joint-motion-regarding-continued-sealing.

## DISPOSITIVE MOTION GUIDELINES AND DEADLINES

All dispositive motions and supporting pleadings shall be scheduled, filed, and served, on or before **April 22, 2027**. All dispositive motions shall be scheduled, filed, and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1, unless otherwise stated below:

1.      The moving party shall first contact Judge Blackwell's Courtroom Deputy, at blackwell_chambers@mnd.uscourts.gov to secure a hearing date at least 49 days in the future.

2.     The moving party shall serve and file the following documents **on the 49th day** before the scheduled hearing: (a) motion; (b) notice of hearing on motion; (c) memorandum of law, (d) affidavits and exhibits, and (e) meet and confer statement. Counsel shall email chambers at blackwell_chambers@mnd.uscourts.gov a proposed order in Word format.

3.     The responding party shall serve and file the following documents at least 21 days before the hearing:  (a) memorandum of law, and (b) affidavits and exhibits.

4.     The moving party shall serve and file the following documents at least 14 days before the hearing: (1) reply memorandum, or (b) a notice stating that no reply memorandum with be filed. A reply memorandum shall not raise new grounds for relief or present matters that do not relate to the response.

5.     When a motion, response, or reply brief is filed on ECF, one paper courtesy copy of the filing and all supporting documents shall be mailed or delivered to Judge Blackwell's Chambers, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota, 55101, at the same time as the documents are posted on ECF.

**SETTLEMENT**

Counsel are directed to meet and confer regarding settlement on or before **August 25, 2026**. Following the meet-and-confer, each party must submit a 1-2 page confidential letter describing the settlement discussions that have taken place, whether and when the party believes a settlement conference or private mediation might be most productive, and what additional discovery or motion practice might be needed to maximize the chances of reaching a settlement in such a conference.  Each party's confidential letter must be submitted by email to Judge Foster at Foster_Chambers@mnd.uscourts.gov by **September 1, 2026**.

The Court may *sua sponte* schedule status conferences or settlement conferences to explore options for alternative dispute resolution.  In addition, the Court will in its discretion consider joint or *ex parte* requests that the Court schedule a settlement conference or otherwise assist in settlement negotiations, provided that the content of any *ex parte* request shall be strictly limited to the topic of settlement and shall not comment on any matter that may come before the Court for a ruling.  Such requests shall be submitted to Chambers at Foster_Chambers@mnd.uscourts.gov. The Court will treat *ex parte* requests as confidential unless otherwise advised.

**<u>TRIAL</u>**

This case shall be ready for a **jury** trial on **July 22, 2027.** The anticipated length of trial is **3** days.

Date: June 3, 2026

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge

10