**Magistrate Judge Dulce J. Foster**

**Practice Pointers and Preferences**

**Contact with Chambers**

- If you have questions about Magistrate Judge Foster's Practice Pointers and Preferences, please contact Chambers at 612-664-5540, or email at Foster_Chambers@mnd.uscourts.gov.

- Neither Magistrate Judge Foster nor any member of her Chambers staff will provide answers to substantive or procedural legal questions. Please refer to the Federal Rules of Civil Procedure, the Local Rules for the District of Minnesota, any applicable statutes and any applicable orders in the case.

- Neither Magistrate Judge Foster nor any member of her Chambers staff will communicate with members of the media about any matter before the Court.

- Requests for relief must be brought by motion or stipulation, or by using Magistrate Judge Foster's informal dispute resolution ("IDR") process, as described below. Email messages and telephone calls to Judge Foster's Chambers are not proper means for requesting relief from the Court. **Letters to the Court requesting relief will not be considered unless the parties have jointly requested a resolution through the IDR process.**

- If you have a question or seek clarification regarding an order Magistrate Judge Foster previously entered, please do not call Chambers seeking an answer or clarification. Instead, file a letter on CM/ECF containing your question or request for clarification. If your clarification letter includes a request for relief, that portion of the letter will not be considered unless you bring your request by motion, stipulation or IDR.

- When calling Chambers with a question about a specific case, first identify yourself and the party you represent, and be ready to provide the case name and number. When emailing Chambers with a question about a specific case, include the case name and number in the subject line of the email and identify yourself and the party you represent in the body of the email.

- If you have a question about how to file or access a document on CM/ECF, please contact the ECF Help Desk in the Clerk's Office at 612-664-5155, 866-325-4975 (toll free) or ecfhelpdesk@mnd.uscourts.gov. Helpful ECF reference guides, procedures and other resources are available on the Court's Electronic Filing Tools webpage, which can be found here: https://www.mnd.uscourts.gov/electronic-filing-tools.

**<u>Resources for Pro Se Litigants</u>**

- People who represent themselves without a lawyer's help are called "pro se litigants." Magistrate Judge Foster expects pro se litigants to be familiar with and follow the Federal Rules of Civil Procedure and the Local Rules for the District of Minnesota. A free copy of the Federal Rules of Civil Procedure is available here: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure, and the Local Rules can be found here: https://www.mnd.uscourts.gov/court-info/local-rules-and-orders. A guidebook and other useful resources for pro se litigants are available on the District Court's web site, which you can find here: https://www.mnd.uscourts.gov/representing-yourself.

**<u>First Pretrial Conference and Rule 26(f) Report</u>**

- If the Order Setting Pretrial Conference in a case sets the Rule 16 conference for an in-person proceeding, Magistrate Judge Foster will consider a request to hold the Rule 16 conference remotely by videoconference (Zoom for Government) or telephone. Requests should be made by emailing Chambers at Foster_Chambers@mnd.uscourts.gov before the Rule 26(f) report is due. Copy all counsel of record and state the reason for the request and whether all counsel agree to a remote Rule 16 conference.

- When you file the Rule 26(f) report, please email a courtesy copy in Word format to Foster_Chambers@mnd.uscourts.gov.

**<u>Informal Dispute Resolution (IDR) and Civil Motion Practice</u>**

**Meet and Confer**

- Except as otherwise specified in Local Rule 7.1(a), the parties must comply with the meet-and-confer requirement before calling to request a hearing date, filing any motion, or requesting Informal Dispute Resolution (IDR). This requirement is intended to lead to a meaningful, good faith exchange of views, and if possible, a full or partial resolution of the issue(s) in dispute. To satisfy Rule 7.1(a), parties must diligently attempt to resolve their dispute(s) in person, by videoconference or by telephone. Cursory conversation or exchanges of emails, letters or voice messages will be considered insufficient.

- If the moving party is unable to meet and confer before filing a motion because the opposing party was unavailable before the motion due date, the moving party should file a meet-and-confer statement with the initial motion explaining that the moving party was not able to meet with the opposing party before filing the motion and the reasons why. The moving party must promptly meet and confer with the opposing party as soon as possible after filing the motion and file an amended meet-and-confer statement pursuant to Local Rule 7.1(a)(1)(B).

**Unopposed Motions and Stipulations**

- Whenever a party seeks relief from the Court, that party should file a motion—as opposed to a stipulation—even if the parties agree regarding the requested relief. The party requesting relief may bring an unopposed motion; if both parties seek the relief, the parties may bring a joint motion. In filing such a motion, the filing party must file: (1) the motion, including a statement regarding the opposing party's non-opposition or joinder; (2) a proposed order; and (3) supporting affidavits or exhibits, if any. The filing party does not need to contact Chambers for a hearing date and file a notice of hearing unless a hearing is requested and does not need to file a memorandum or separate meet-and-confer statement. The Court may, at its discretion, schedule a hearing on any such motion upon reviewing the moving party's submissions.

**Informal Dispute Resolution**

- During the meet-and-confer, the parties must discuss whether to resolve the dispute through Magistrate Judge Foster's IDR process. The IDR process is available to resolve non-dispositive disputes. Typically, when the parties use the IDR process, they do not brief the matter and do not file declarations or sworn affidavits. IDR offers an efficient means to promptly resolve issues, but because it is relatively informal, a decision through IDR is not appealable to the District Judge or the Eighth Circuit. For this reason, all parties with a stake in the disputed issue must agree to use the IDR process.

  If the parties agree to use the IDR process, they must jointly contact Chambers to schedule a Zoom video conference. Each party will then submit a short letter confirming that the party has agreed to resolve the dispute through IDR, setting forth the issue(s) to be resolved, and stating that party's position. Charts and bullet-point summaries of the issue(s) are encouraged. Unless otherwise specified by the Court, letter submissions shall be no more than three (3) pages long and must be emailed to Chambers and all parties at least two (2) business days before the Zoom video conference.

**Obtaining a Motions Hearing or Informal Conference Date**

- Unless a motion is unopposed, the moving party must contact Magistrate Judge Foster's Chambers at 612-664-5540 to schedule a motions hearing. Counsel for the moving party must be prepared to describe prior communications with opposing counsel regarding IDR when calling for a hearing date, unless the moving party was unable to meet-and-confer due to the opposing party's unavailability before the motion due date. **A hearing date must be requested before the motion is filed, even if the parties agree that no hearing is necessary**. If the parties agree that a hearing is not necessary, the moving party should include a statement to that effect in the Notice of Hearing. Judge Foster will determine whether to cancel the hearing at her discretion or may authorize the moving party to file a Notice of Hearing indicating a hearing date "to be determined."

  Before scheduling a motions hearing date, the Court, at its discretion, may require the parties to participate in an informal conference to discuss the dispute and determine whether the issues can be resolved or narrowed without motion practice.

  Before calling Chambers for a hearing date, the moving party should alert all other parties of the intent to do so. The parties should inform Chambers of all other pending or anticipated motions so the motions can be heard at the same time. The parties should also inform Chambers of any

3

related cases with related motions.

- If a hearing date or time must be rescheduled, it is helpful to have counsel for all parties on the line at the same time so that an effort can be made to avoid potential scheduling conflicts.

- Magistrate Judge Foster may schedule oral argument to be heard telephonically or by Zoom for Government rather than in person, and Judge Foster will consider requests from the parties for remote hearings.  Counsel should meet and confer regarding any request for a remote hearing. Requests should be made by emailing Foster_Chambers@mnd.uscourts.gov, copying all counsel of record, and should state the reason for the request and whether all counsel agree to a remote hearing.

## Filing Motion Papers

- Once the moving party has secured a hearing date, that party must promptly serve and file the notice of hearing informing all parties of the nature of the motion and the date, time, and location of the hearing. The moving party shall serve and file the motion and remaining motion papers in compliance with the dates prescribed by Local Rule 7.1, unless the Court sets a different briefing schedule. A party may not call Chambers to secure a hearing date or "hold" a hearing date without promptly serving and filing a notice of hearing.

- Please **do not send paper** courtesy copies of filings to Chambers.  Parties should email courtesy copies of proposed orders in Word format to Foster_Chambers@mnd.uscourts.gov.

- If a pending motion is resolved, please notify Chambers as soon as possible so that any scheduled hearing can be removed from the calendar. If a motion has been partially resolved, please notify Chambers which parts have been resolved and no longer need to be addressed by the Court. If time permits, notification should be by joint stipulation, as provided by Local Rule 7.1. A party seeking to withdraw a motion should file a formal notice of withdrawal on CM/ECF.

- Memoranda, declarations and other filings should refer to the record using citations to the CM/ECF docket number rather than any other applicable identifier (e.g., title, exhibit number or bates number).

## Hearings

- Magistrate Judge Foster encourages litigants to seek opportunities for newer lawyers to participate in hearings before the Court, particularly with respect to motions that the newer lawyer made a significant contribution towards preparing. Judge Foster will make no inferences about the importance a party places on a particular issue from the experience level of the lawyer chosen to argue that issue.

- Counsel should refer to the record using citations to the CM/ECF docket number rather than any other applicable identifier (e.g., title, exhibit number or bates number).

## In-Person Hearings

- If you intend to use paper copies of cases, documents, etc., at an in-person hearing, bring sufficient copies for the Court, the law clerk, and opposing counsel.

4

- If you intend to use visual aids at an in-person hearing, such as PowerPoint or other presentation graphics, bring sufficient copies for the Court, the law clerk, and opposing counsel. Magistrate Judge Foster and her staff are not responsible for the functioning of the courtroom's technology, so it is important for you to have a back-up plan if the technology is not available at the hearing. The copies should reference the case name and case number.

- If you plan to use the courtroom technology, please become familiar with it ahead of time. Training can be arranged by contacting Magistrate Judge Foster's Chambers at 612-664-5540 or Foster_Chambers@mnd.uscourts.gov.

**Remote Hearings**

- Remote hearings will be held telephonically or using Zoom for Government.  Counsel are responsible for ensuring that they and any participants affiliated with them have tested the technology and understand how to use it. Before any Zoom video hearing begins, counsel must review the District's instructions for participating in a Zoom video conference here: https://www.mnd.uscourts.gov/sites/mnd/files/Preparing-to-Participate-in-a-Zoom-Video-Conference.pdf.

- Attorneys who anticipate using presentations, exhibits or demonstratives during a video hearing should inform Chambers by emailing Foster_Chambers@mnd.uscourts.gov before the hearing and copying all counsel of record, so that necessary arrangements can be made to the Zoom settings.  Counsel must deliver PDF copies of any documents they intend to use via email to Chambers and all counsel of record at least **48 business hours** before the hearing is scheduled to begin.

- Counsel are expected to conduct themselves during a hearing by Zoom for Government in the same manner they would during an in-person hearing in the courtroom. This includes wearing appropriate courtroom attire and maintaining courtroom decorum throughout the remote proceeding.

**Settlement Conferences**

- Magistrate Judge Foster will consider requests that a settlement conference be held by Zoom for Government. Counsel should meet and confer regarding a request for a remote settlement conference. Requests should be made by emailing Foster_Chambers@mnd.uscourts.gov. Copy all counsel of record and state the reason for the request and whether all counsel agree to a remote settlement conference. Judge Foster will determine whether a remote settlement conference is appropriate for a particular case. If a settlement conference will be held remotely, counsel must review the District's instructions for participating in a video proceeding, which are available here: https://www.mnd.uscourts.gov/sites/mnd/files/Preparing-to-Participate-in-a-Zoom-Video-Conference.pdf. Counsel are expected to wear courtroom attire and maintain courtroom decorum throughout the proceeding.